# OCTOBER 14, 1942

### THOMAS ATKISSON V. THE STATE.

No. 22204.  Delivered June 17, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*J. Piner Powell*, of Brownwood, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing for the purpose of sale whisky in dry area, punishment being a fine of $300.00.

Officers had been informed that appellant was bringing a load of whisky into Brownwood. They intercepted his car which at the time was driven by Clarence Dykes. In the car the officers found 37 pints of whisky. Appellant testified on the trial that the whisky was his; that he had bought it in Wichita Falls for his own personal use; that he did not have it for sale.

Two bills of exception relate to argument of the county attorney. Neither of the statements complained of was of such a nature that the prompt action of the court in directing the jury to disregard them did not relieve them of harmful effect.

The only other bill of exception complained of the following incident. At the beginning of the trial the State called Mr. Avinger, a deputy sheriff, as a witness. After giving his name the witness asked what case it was which was on trial, and after being informed, said: "There is a mistake, I am not a witness in this case," having previously stated, "I am not sure which case this is. There is another case." The court immediately instructed the jury not to consider any reference to another case. In approving the bill the court appended the following explanation: "The defendant previous to the trial of this case had been tried in another case before the same jury panel and was acquitted. In this case the County Attorney placed the witness Chester Avinger on the stand without talking to him, and the witness knew that he was a witness in one case and was not in the other, and he asked which case this is, and upon having it explained to him which case this was, he stated that he was not a witness in this case and he was excused as a witness and the jury instructed not to consider his remarks. Chester Avinger did not take the witness stand in the previous trial."

We can see no possible harm which could have resulted to appellant under the circumstances.

The judgment is affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

. The motion for rehearing in this case is based on a new contention to the effect that the court in approving Bill of Exception No. One has certified that the argument complained of was highly prejudicial and inflammatory and calculated to cause the jury to render an adverse verdict in this case.

We have re-examined this bill and are unable to sustain the contention. Frequently bills of exception come before this court in which it appears that the Trial Judge has certified to all of those facts embraced in the objection of the party on trial. Sometimes it is difficult to determine whether or not the court has so certified, but in the instant case it is perfectly clear that "defendant, through his counsel, contended that it was calculated to mislead the jury and caused them to render a verdict adversely to the rights of defendant." There is no room for the contention that error is certified, nor do we find any difficulty in determining the question.

The motion for rehearing is overruled.